# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL CLIFFORD ALEXANDER,** )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>**UNITED STATES of AMERICA ,** )<br>)<br>Respondent/Plaintiff. ) | **CIVIL NO. 07-cv-087-DRH**<br><br>**CRIMINAL NO. 03-cr-30197** |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Without benefit of a plea agreement, Petitioner pleaded guilty to one count of bank robbery. On June 30, 2006, Petitioner was sentenced to 120 months imprisonment, three years supervised release, a fine of $500, restitution of $112, and a special assessment of $100. Less than a year later, Petitioner filed the instant motion under § 2255.

In his motion, Petitioner alleges that his trial counsel was ineffective. As basis for this claim, he first points to his sentencing recommendation agreement (Doc. 20, criminal case), in which counsel advised him to waive his right to appeal. Petitioner argues that such an agreement is not enforceable, and thus counsel should not have advised him to waive that right. Counsel subsequently refused to file a notice of appeal. Petitioner then argues that he should not have been sentenced as a career offender, and that such a challenge should have been raised by counsel on direct appeal. Petitioner later filed a motion to amend (Doc. 2), by which he wishes to incorporate an argument based upon the recent Supreme Court ruling in *Cunningham v. California*, 549 U.S. 270 (2007).

This motion is **GRANTED**.[1]

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. In its response, the Government shall first address whether the sentencing recommendation agreement is enforceable, including the provision in which Petitioner waived his right to appeal or collaterally attack his conviction or sentence. Assuming the Court finds that the agreement is not enforceable, the Government shall also address the merits of Petitioner's challenge to his sentence. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:** November 20, 2008.

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Recently, Petitioner filed a yet another supplement (Doc. 3), in which he points to yet another Supreme Court case that relates to his basis claim regarding his status as a career offender. See *Logan v. United States*, 128 S.Ct. 475 (2007).