IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANIEL CLIFFORD ALEXANDER,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**                              Case No. 07-cv-87-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is petitioner Daniel Clifford Alexander's timely Motion to Reconsider (Doc. 17), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**. Petitioner asks that the Court reconsider its March 1, 2010 Order (Doc. 15) denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (hereinafter "habeas petition"), pursuant to **28 U.S.C. § 2255** (Doc. 1), which thereby led to the judgment dismissing his habeas petition with prejudice (Doc. 16). Specifically, Petitioner believes the Court's ruling to be a mistake of law, given that he construes the Court's findings to support his argument that his prior state misdemeanor offenses for driving while impaired ("DWI") should not have been considered "crimes of violence"

for the purposes of qualifying him as a "career offender."  In turn, qualifying as a "career offender" made the U.S.S.G. § 4B1.1 sentencing enhancement applicable (hereinafter "career offender enhancement") to the federal sentence Petitioner is currently serving for his bank robbery conviction.  *See United States v. Alexander*, Case No. 05-cr-30197-DRH (S.D. Ill.).  For the reasons set forth in this Order, the Court does not find cause to warrant amending its prior ruling.

## II.  Discussion

### A.  Rule 59(e)

Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. **Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**.  The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory.  **Moro, 91 F.3d at 876 (citation omitted); King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995)**.

**B.     Analysis**

In this case, Petitioner clearly makes his motion on the grounds that the Court committed a manifest error of law, offering no assertions regarding a mistake of fact or newly discovered evidence. In support, Petitioner cites a passage from the Court's Order denying his habeas petition to demonstrate what he believes demonstrates a legal paradox:

> Application of **Begay** would not reverse these convictions, it would only serve to not count these convictions towards his eligibility as a "Career Offender."

(Doc. 15, p. 14, citing **Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008)**.) In other words, Petitioner cannot grasp how the Court seemed to agree with his argument that DWI's are not to be considered "crimes of violence" and therefore do not trigger the "career offender" sentencing enhancement, yet still denied his habeas petition. However, despite what **Begay** may stand for, what Petitioner must be reminded of is that (1) he entered into a "Sentencing Recommendation Agreement" with the Government (*see* Doc. 1, Ex. 1), whereby he agreed to waive his right to seek appellate or collateral relief regarding the sentence in exchange for the Government's recommendation of a sentence of 120 months;[1] and (2) under **28 U.S.C. § 2255**, the Court could not consider non-constitutional issues not raised on appeal, so it was only able to analyze Petitioner's arguments as a claim of ineffective

---

[1] The Government states that it could have recommended a sentence from anywhere between 151-188 months, due to Alexander's corresponding offense level and criminal history category (Doc. 6, p. 4, n.1).

assistance of counsel.

As the Court explained in its previous Order (Doc. 15) denying the habeas petition, because Petitioner entered into the Sentencing Recommendation Agreement, he waived his right to directly appeal or seek collateral relief regarding his sentence, including any applicable enhancements thereof. The Court analyzed whether the Sentencing Recommendation Agreement and its waiver was valid and it concluded that it was. Next, the Court looked at whether Petitioner received ineffective assistance of counsel when his attorney advised him to enter into the Agreement. The Court concluded that Petitioner did not, but that instead, his counsel acted in a reasonably prudent manner, comporting with the standard set forth by **Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052 (1984)**.

Petitioner, in his instant Motion, offers nothing new to convince the Court that it made a mistake of law in denying his habeas petition. Judgment was entered against Petitioner on July 5, 2006, sentencing him to 120 months' imprisonment. The Supreme Court opinion upon which Petitioner bases his argument that he should not have received the "career offender" sentencing enhancement, **Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008)**,[2]

---

[2] In **Begay**, the Supreme Court held that a state felony DUI conviction was not to be considered a "violent felony" as defined by the Armed Career Criminal Act, **18 U.S.C. § 924(e)(2)(B)**. **Begay, 128 S. Ct. at 1588**. **Begay** thus shed new light on the interpretation of career offender enhancements, especially with regard to DUI's (or DWI's). **See, e.g., U.S. v. Woods, 576 F.3d 400, 403 (7th Cir. 2009); see also United States v. Patterson, 576 F.3d 431, 440-41 (7th Cir. 2009)**.

was not even issued until approximately two years after he was sentenced.[3] Yet, Petitioner was bound by a valid agreement not to directly appeal this issue, or to seek collateral relief, even though he does so now. In addition, the Court examined whether any exceptions to the Agreement's waiver applied and found there to be none. Unfortunately, in the end, it matters little how the Court interprets the holding in ***Begay***, as Petitioner is validly estopped from raising the issue regarding the applicability of the "career offender" sentencing enhancement for his prior DWI offenses.

### III. Conclusion

For the reasons discussed herein, petitioner Daniel Clifford Alexander's Motion Under Rule 59(e) to Reconsider Denial of Petitioner's Habeas Petition (Doc. 17) must be **DENIED**.

**IT IS SO ORDERED**

Signed this 8th day of October, 2010.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**

---

[3] In fact, the controlling precedent at the time Alexander was sentenced regarded DWI's as "crimes of violence" for the purpose of determining "Career Offender" status under the sentencing guidelines. ***See, e.g., United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995)** and ***United States v. Sperberg*, 432 F.3d 706 (7th Cir. 2005)**.